**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

_____
                                                      )
**CLIFF THOMAS,**                             )
                                                      )
              **Plaintiff,**                       )
                                                      )
       **v.**                                         )          **Civil Action No. 1-16-CV-1581 (AJT/MSN)**
                                                      )
**RAYMOND ROBERTS, et al.,**          )
                                                      )
              **Defendants.**                    )
_____ )

## PLAINTIFF'S MOTION FOR CERTIFICATION FOR APPEAL

Plaintiff hereby respectfully moves this honorable Court to certify for appeal the issue of whether plaintiff stated a claim on which relief can be granted regarding his allegations that defendants deprived him of property rights in violation of 42 U.S.C. §1982.  Plaintiff submits this issue warrants an appeal at this time, because the rights protected under Section 1982 encompass more than formal property titles, and include his ongoing use and enjoyment of property.

The Court dismissed Plaintiff's 42 U.S.C. § 1982 claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  However, Plaintiff made allegations in his complaint, which if accepted as true, articulate deprivations of property rights by Defendants because of racial animus.  In addition to alleging that Defendants prevented him from the rightful use of an easement, Plaintiff alleged behavior on the part of Defendants which hindered his use and enjoyment of his property rights including: stalking behavior, harassment, intimidation of Plaintiff's employees, discharging high-powered firearms

in close proximity to Plaintiff's property, aggressive tailgating in close proximity to Plaintiff's property, forming a homeowners' association for the purpose of depriving Plaintiff of use and enjoyment of his property, and posting frivolous "no trespass" signs.  *See* First Amended Complaint at ¶¶ 19-21, 23, 25-26, 28, 31, and 33. The Court has determined that Plaintiff failed to state a claim holding that the denial of an easement did not involve an infringement of a formal property interest necessary to sustain Section 1982 claim.  However, Plaintiff's claim also involved his right to the use and enjoyment of his property and, therefore, it was not necessary that there be an infringement of a formal property interest, such as a title, easement, or deed, to sustain a claim under 42 U.S.C. § 1982.   Since the dismissal of Plaintiff's claim allows the continuing and ongoing infringement of his use and enjoyment of his property, Plaintiff requests leave to file an appeal on this issue:

> Whether in the absence of the interference with a formal property interest, race-based actions such as: stalking behavior, harassment, intimidation of Plaintiff's employees, discharging high-powered firearms in close proximity to Plaintiff's property, aggressive tailgating in close proximity to Plaintiff's property, forming a homeowners' association for the purpose of depriving plaintiff of use and enjoyment of his property, and posting frivolous "no trespass" signs are sufficient to sustain a claim under 42 U.S.C. §1982.

Under 28 U.S.C. § 1292(b), this Court may certify that an interlocutory order in a civil case "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation."  Plaintiff respectfully submits this is the case with respect to his Section 1982 claims against defendants.

Section 1982 was enacted to enable Congress to enforce the Thirteenth Amendment, specifically to "prohibit all racial discrimination, private and public, in the sale and rental of property." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 437 (1968).  In interpreting the scope of 28 U.S.C. sec. 1982, the courts have broadly defined the interests protected by the statute to include a variety of rights associated with property ownership. *See City of Memphis v. Greene*, 451 U.S. 100, 120-22 (1987) (discussing certain types of property interests protected and activities proscribed by Section 1982); *Evans v. First Federal Savings Bank of Indiana*, 669 F.Supp. 915 (N.D.Ind. 1987) (holding that the use of one's already-owned property to obtain a loan is protected by Section 1982 from a bank's racially discriminatory lending policy); *Harmon v. Orlando Fla. Sentinel*, 1991 U.S. Dist. LEXIS 14329, at *4-5 (M.D. Fla. Jan. 15, 1991). Courts have recognized that use and enjoyment of property is included among the bundle of rights on which a Section 1982 claim may be based. *United States v. Greer*, 939 F.2d 1091, 1076 (5th Cir. 1991) ("'to hold' property under the statute can also mean 'to use' property."); *United States v. Brown*, 49 F.3d 1162, 1166 (6th Cir. 1995) ("Included among these 'basic civil rights' were the right to acquire property and the right 'to go and come at pleasure.'").

Plaintiff has alleged that defendants have interfered with his use and enjoyment of his property because of his race in violation of 28 U.S.C. § 1982.  Plaintiff respectfully submits an interlocutory appeal of this Court's order dismissing this claim is warranted, and requests this Court to certify this issue for appeal at this time.

-3-

Respectfully submitted,

_____/s/_____

J. Cathryne Watson
Virginia Bar No. 79186

_____/s/_____

David H. Shapiro
SWICK & SHAPIRO, P.C.
1101 15th Street, NW
Suite 205
Washington, D.C.  20005
Tel. 202-842-0300
Fax 202-842-1418
Emails - jcwatson@swickandsdhapiro.com
                dhshapiro@swickandshapiro.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2017, I caused a copy of the foregoing Plaintiff's Motion for Certification for Appeal to be served via electronic filing on this 8th day of March 2017, upon counsel of record for the several defendant, namely:

| | |
|---|---|
| Robert R. Veith, Esq.<br>Hirschler Fleischer<br>8270 Greensboro Drive, Suite 700<br>Tysons, VA 22102<br>rveith@hf-law.com<br>(Counsel for Defendants John and Debra Curtis) | J. Travis Pittman, Esq.<br>Oster Law Firm<br>1850 M Street, N.W., Suite 280<br>Washington, D.C. 20036<br>travis@osterlawfirm.com |
| Charles B. Wayne, Esq.<br>DLA Piper, LLP (US)<br>500 Eighth Street, N.W.<br>Washington, D.C. 20004<br>charles.wayne@dlapiper.com<br>(Counsel for Defendants Raymond Roberts and Thanh Quach) | E. Andrew Burcher VSB No. 41310<br>Walsh, Colucci, Lubeley & Walsh, P.C.4310 Prince William Parkway, Suite 300 Prince William, Virginia 22192<br>eaburcher@thelandlawyers.com<br>(Counsel for Defendant Jim Brown) |

| | |
|---|---|
| David C. Gutkowski, Esq.<br>Odin Feldman Pittleman, P.C.<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190<br>david.gutkowski@ofplaw.com<br>(Counsel for Defendants Zachary and Gena Casagrande) | John D. McGavin, VSB No. 21794<br>BANCROFT, McGAVIN, HORVATH &<br>JUDKINS<br>9990 Fairfax Boulevard, Suite 400<br>Fairfax, Virginia 22030<br>Telephone: (703) 385-1000<br>Facsimile: (703) 385-1555<br>jmcgavin@bmhjlaw.com<br>(Counsel for Defendants Donald Berlin and Kimberley L. Berlin) |
| E. Andrew Burcher, VSB No. 41310<br>Attorney for Defendant Jim Brown<br>Walsh, Colucci, Lubeley & Walsh, P.C.<br>4310 Prince William Parkway, Suite 300<br>Prince William, Virginia, 22192<br>Telephone: (703) 680-4664<br>Facsimile: (703) 680-2161<br>Email: eaburcher@thelandlawyers.com<br>(Counsel for Defendant Jim Brown) | |

       /s/                        
J. Cathryne Watson
SWICK & SHAPIRO, P.C.