UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| CLIFFORD THOMAS, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1581 (AJT/MSN) |
| | ) | |
| RAYMOND ROBERTS, | ) | |
| | ) | |
| Defendant/Counterclaimant, | ) | |
| | ) | |

**DEFENDANT AND COUNTERCLAIMANT RAYMOND ROBERTS'
ANSWER AND COUNTERCLAIM**

Defendant and counterclaimant Raymond Roberts hereby submits his answer and affirmative defenses to the first amended complaint, and asserts a counterclaim against plaintiff and counterclaim defendant Clifford Thomas as set forth below.

**ANSWER**

Roberts denies each and every allegation in the first amended complaint except those expressly admitted below.

**FIRST DEFENSE**

The first amended complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Roberts answers the numbered paragraphs of the first amended complaint as follows:

**Introduction**

1.     Roberts denies the allegations in paragraph 1 of the first amended complaint.

## Jurisdiction

2.     The allegations in paragraph 2 of the first amended complaint state legal conclusions to which no response is required.  To the extent a response is required, Roberts denies the allegations.

## Venue

3.     The allegations in paragraph 3 of the first amended complaint state legal conclusions to which no response is required.  To the extent a response is required, Roberts denies the allegations.

## Parties

4.     Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the first amended complaint.

5.     Roberts admits the allegations in paragraph 5 of the first amended complaint.

6.     The allegations of paragraph 6 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

7.     The allegations of paragraph 7 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

8.     The allegations of paragraph 8 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

9.     The allegations of paragraph 9 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

10.     The allegations of paragraph 10 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

11.     The allegations of paragraph 11 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

12.     The allegations of paragraph 12 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

13.     The allegations of paragraph 13 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

**Statement of Facts**

14.     Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the first amended complaint.

15.     Roberts denies the allegations in paragraph 15 of the first amended complaint.

16.     Roberts admits he met with plaintiff on or about January 8, 2016.  Roberts denies the remaining allegations in paragraph 16 of the first amended complaint.

17.     Roberts admits the Circuit Court for Loudoun County entered a Decree Granting Temporary Injunction enjoining plaintiff from utilizing or authorizing the utilization of the access easement which traverses Lots 5 and 6 of the Barclay Woods subdivision in Loudoun County, Virginia for commercial purposes.  As a written document and public record, the Decree Granting Temporary Injunction speaks for itself.  Roberts denies the remaining allegations in paragraph 17 of the first amended complaint.

18.     Roberts denies the allegations in paragraph 18 of the first amended complaint.

19.     Roberts denies the allegations in paragraph 19 of the first amended complaint.

20.     Roberts denies the allegations in paragraph 20 of the first amended complaint.

21.     Roberts denies the allegations in paragraph 21 of the first amended complaint.

22.     Roberts denies the allegations in paragraph 22 of the first amended complaint.

23.     Roberts denies the allegations in paragraph 23 of the first amended complaint.

24.     Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the first amended complaint.

25.     The allegations of paragraph 25 of the first amended complaint are not directed to Roberts.  As such, no answer is made thereto and none is required.

26.     Roberts denies the allegations in paragraph 26 of the first amended complaint.

27.     Roberts denies the allegations in paragraph 27 of the first amended complaint.

28.     Roberts denies the allegations in paragraph 28 of the first amended complaint.

29.     Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the first amended complaint.

30.     Roberts admits the Circuit Court for Loudoun County entered a Decree Granting Temporary Injunction enjoining plaintiff from utilizing or authorizing the utilization of the access easement which traverses Lots 5 and 6 of the Barclay Woods subdivision in Loudoun County, Virginia for commercial purposes.  As an official court document and public record, the Decree Granting Temporary Injunction speaks for itself.   Roberts denies the remaining allegations in paragraph 30 of the first amended complaint.

31.     Roberts denies the allegations in paragraph 31 of the first amended complaint.

32.     Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the first amended complaint.

33.     Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the first amended complaint.

34.     Roberts denies the allegations in paragraph 34 of the first amended complaint.

## Statement of Claims

35.     Roberts incorporates the responses to preceding paragraphs as if fully set forth herein.

### Claim I – 42 U.S.C. § 1982

Claim I of plaintiff's first amended complaint was dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), therefore, no answer is provided.

### Claim II – 42 U.S.C. § 1981

Claim II of plaintiff's first amended complaint was dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), therefore, no answer is provided.

### Claim III – 42 U.S.C. § 1983

Claim III of plaintiff's first amended complaint was dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), therefore, no answer is provided.

### Claim IV – 18 U.S.C. § 2255

Claim IV of plaintiff's first amended complaint was dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), therefore, no answer is provided.

### Claim V – Va. Code § 8.01-42.1

44.     Roberts denies the allegations in paragraph 44 of the first amended complaint.

45.     Roberts denies the allegations in paragraph 45 of the first amended complaint.

### Claim VI – Va. Code § 8.01-42.3

46.     Roberts denies the allegations in paragraph 46 of the first amended complaint.

47.     Roberts denies the allegations in paragraph 47 of the first amended complaint.

**Claim VII – Intentional Infliction of Emotional Distress**

Claim VII of plaintiff's first amended complaint was dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), therefore, no answer is provided.

**THIRD DEFENSE**

Plaintiff is estopped to assert, has waived, or has released every claim that plaintiff may otherwise have had.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations or laches.

**FIFTH DEFENSE**

Any damages that plaintiff may have sustained were not caused by any act or omission of Roberts, but were the direct and proximate result of plaintiff's own acts or omissions, whether negligent or not, or those of others.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

Roberts' conduct was not the legal or proximate cause of plaintiff's purported injury.

**EIGHTH DEFENSE**

Plaintiff has suffered no cognizable damages.

**NINTH DEFENSE**

To the extent plaintiff has suffered cognizable damages, he has failed to mitigate those damages.

## TENTH DEFENSE

The Virginia civil action for racial, religious, or ethnic harassment, violence or vandalism, Va. Code § 8.01-42.1, is unconstitutional as applied to Roberts.

## ELEVENTH DEFENSE

The Virginia civil action for stalking, Va. Code § 8.01-42.3, is unconstitutional as applied to Roberts.

## TWELTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

## THIRTEENTH DEFENSE

Roberts denies, to the extent the actions alleged may have occurred, that any entity or person engaging in the activities alleged was acting as the agent or servant of Roberts, or at the instruction or subject to the control of Roberts with regard to any of the actions described in the first amended complaint; thus, Roberts is not liable for any acts or omissions of such third parties as a matter of law.

## FOURTEENTH DEFENSE

No act or omission of Roberts was malicious, willful, wanton, oppressive, reckless, grossly negligent, or intentional, and therefore, any award of punitive damages is barred.

## FIFTEENTH DEFENSE

While Roberts denies he is liable for any punitive damages in this case, an award of such damages is limited by Va. Code § 8.01-38.1.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Roberts's right under Virginia law to self-defense of person and/or property.

## SEVENTEENTH DEFENSE

Roberts' conduct was authorized by and complied with applicable local, state, and federal law.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled under law to the relief requested.

## NINETEENTH DEFENSE

Roberts reserves the right to assert other defenses as may become available or apparent during further proceedings in this case.

WHEREFORE, defendant Raymond Roberts prays that the Court:

1.     Dismiss the first amended complaint with prejudice and enter judgment for Roberts;

2.     Award Roberts his reasonable attorney's fees, disbursements, and costs; and

3.     Grant Roberts such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM
### Defamation and Defamation *Per Se*

Counterclaimant Raymond Roberts, for his counterclaim, alleges as follows:

## PARTIES

1.     Counterclaimant Raymond Roberts is a resident of Leesburg, Virginia.

2.     Counterclaim defendant Clifford Thomas is a resident of Chantilly, Virginia.

## JURISDICTION AND VENUE

3.      This is a civil action arising under federal and state law.  This Court has supplemental jurisdiction over counterclaimant's state-law claim pursuant to 28 U.S.C. § 1367.

4.      Counterclaimant Roberts and counterclaim defendant Thomas are subject to personal jurisdiction in this Court.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  Counterclaimant Raymond Roberts is a resident of Leesburg, Virginia, which is located in the Eastern District of Virginia.  Counterclaim defendant Clifford Thomas is a resident of Chantilly, Virginia, which is also located in the Eastern District of Virginia.  Further, a substantial part of the events and transactions complained of occurred in the Eastern District of Virginia.

## FACTS

6.      Raymond Roberts is a highly-successful entrepreneur, businessman, and active citizen of Loudoun County, Virginia.  As such, Roberts regularly mentors and consults local and national business leaders.  He has been married for 5 years and has two children.

7.      On August, 27, 2013, Roberts and his spouse, Thanh Quach, purchased Lot 9-A in Courtland Farm in Loudoun County, Virginia, with address 21732 Laurel Wood Court, Leesburg, VA 20175.  They immediately began building their dream home and moved in on September 1, 2015.

8.      On or about December 15, 2015, Cliff Thomas purchased the property at 40543 Courtland Farm Lane, Aldie, VA 20105, which is immediately adjacent to Roberts' property.

9.      On January 2, 2016, in an email to Roberts and others in the neighborhood, Thomas discussed his intention to use part of his property to "make wine," while admitting he would "probably lose [his] shirt" as "[he had] in some of [his] other adventures."

10. On January 26, 2016, Thomas participated in a "Pre-Application" conference with officials in the Loudoun County Department of Planning and Zoning about amending the Loudoun County Zoning Ordinance to allow farm wineries as a permitted use for the PD-RV zone.

11. During the spring of 2016, Thomas also began to develop and grade his property, regularly using contractors that traversed Laurel Wood Court with heavy trucks and commercial equipment.

12. On March 8, 2016, Thomas emailed the neighborhood to inform them that he had "decided to put the property back on the market for sale," but he would "continue the improvements that [he was then] making to the house and grounds." Thomas also stated that he had "a group of investors who may be interested in the property to plant and sell grapes on the 60 acres below the hill."

13. On March 12, 2016, Thomas again emailed the entire neighborhood with statements that presaged the defamatory campaign against Roberts that would follow: "As part of the purchase, it was documented to me that the land was zone[d] for a winery. I was quite surprised when I was in[sic]formed . . . that it was not zoned for a winery as noted to me. Therefore, I initiated the process based on what was documented to me. As I told many people, I know nothing about wine making and would probably lose my shirt, but it seemed like a nice hobby." Thomas also stated that he believed "**Raymond speak[s] on behalf of the Laurel Wood Community. So I will hold you all legally responsible for any harm done to my wife or children either emotionally and or physically by him**." (emphasis added). Thomas' insinuation that Roberts was a threat to Thomas or his wife and children was intended to disparage Roberts by falsely implying Roberts is some kind of predator.

14.     On May 26, 2016, Thomas emailed Rose Osamba (his business colleague), Brad Cribb (his landscaper), and Robert Milburn (a Loudoun County zoning inspector) about the county's request that Thomas remediate certain erosion issues on his property.  In the email, Thomas made another unwarranted and derogatory remark about Roberts:  "I need an answer on the permit to get this work done as it seems like Loudoun County decided that I'm the guy they are just going to fuck with.  I have already spent millions fixing this damn property up that had gone to hell.  Now that I decided to improve it they are fucking with me because of this **jackass neighbor adjacent to my property**. . . .  **I fought for the freedoms this cowardly, racist bastard from Canada next door to me is trying to take away**." (emphasis added).

15.     On August 5, 2016, the Circuit Court for Loudoun County temporarily enjoined Thomas from using an easement which traverses Lots 5 and 6 of the nearby Barclay Woods subdivision in Loudoun County, Virginia for commercial purposes.

16.     After the Circuit Court for Loudoun County entered the temporary injunction, Thomas' campaign against Roberts intensified and his insinuation that Roberts was causing "harm" to Thomas' wife and children became even more explicit.

17.     On the day the injunction was entered, Thomas emailed Allison Metzger (his realtor), Jim Brown (a lot owner and neighborhood developer), and Len Pomata (the former owner of Thomas's property) stating:  "I am reaching out to all of you to let you know that what you did to me and my family will never be forgotten as long as I live.  I just got an injunction preventing me from using Laurel Wood Court, basically land-locking me and taking away my property rights.  Everything that was done to me in the purchase of the property from the HOA violation to the representation of easements usage was done under fraudulent pretense by all of you.  You will never be blessed for not standing up for what's right or not having good character

11

or honor in this short life that God has given you all. I will not stop until my rights are restored, there is correction of the illegal deeds by Jim Brown and the fraudulent sale is corrected. You have my word."

18. Rather than using legal means to restore the property rights he believed Loudoun County wrongfully deprived from him, by taking legal action against his realtor, Brown, or Pomata, or simply litigating the pending easement case to conclusion, Thomas escalated his campaign to defame, discredit, and harm Roberts.

19. On August 11, 2016, only ten days after the temporary injunction was entered, Thomas emailed Roberts' attorney, Stephen Price, and said, among other things, "I will not allow you to personally fuck with me. **You can take your fucking ilkegal[sic] injunction and shove it up your racist ass. Now go tell [Judge] Burke that**!"[1] (emphasis added).

20. On September 22, 2016, Thomas forwarded to Jeanine Arnett, a Loudoun County government official, a September 19, 2016 email he had previously sent to his attorneys, Larry Anderson and Bob Nealon. In the September 19, 2016 email, Thomas stated: "You would not file a criminal complaint when I advised you . . . **[of] the fact that [Raymond Roberts] has nude pictures of my under aged[sic] children on his camera coming in to my yard**." (emphasis added).

21. On October 29, 2016, Thomas emailed six different Loudoun County government officials and stated that "**[i]t is probable that [Raymond Roberts] has nude video of my children on his camera**." (emphasis added). He asked the officials to "**send the sheriff to his house to advise [Raymond Roberts] that he cannot be using his camera to peep into[sic] my**

---

[1] Thomas was referring to Loudoun County Circuit Judge Burke F. McCahill.

**house or to obtain pornography**." (emphasis added).  He also stated that "**[i]f nude video of my children are found on his camera, criminal charges will be filed**." (emphasis added).

22.     On information and belief, Thomas has falsely stated to other third parties orally and in writing that Roberts records, and/or has recorded, Thomas' children in the nude as a form of child pornography.

23.     Thomas made the foregoing statements to intentionally and maliciously defame Roberts by falsely stating, as a matter of fact and by innuendo, that Roberts recorded Thomas' nude children, and did so as a form of child pornography.  The statements were false statements of fact, and Thomas had knowledge of their falsity when he made them to third parties.

24.     The statements have caused Roberts significant personal and professional reputational damage because they falsely impute heinous and deplorable acts to Roberts and imply that he is guilty of extremely serious state and federal criminal offenses.

25.     Thomas made materially false, misleading, and defamatory statements to third parties about Raymond Roberts.

26.     These statements – described above, without limitation – were false or were presented in a false light to suggest unfairly or falsely that Roberts recorded Thomas' nude children and did so as a form of child pornography.  The materially false and misleading statements (a) imputed to Roberts a criminal offense involving moral turpitude, and (b) were prejudicial to Roberts in his profession, trade, or business.

27.     These statements were patently and demonstrably false, constituted fact and factually-laden opinion that can be substantially proven false, and constituted defamation or defamation *per se*.

28.     Thomas made these statements in order to retaliate against Roberts for legally organizing and petitioning against, and filing a legal action to prohibit, Thomas from building a winery on his property that would be a significant nuisance to Roberts and their neighbors. Thomas made these statements knowing they were false and defamatory. The false statements were made with the intent of, and had the effect of, injuring Roberts directly in his profession, trade, or business. The statements caused serious damage to Roberts in his profession, trade, or business.

29.     Any privilege attached to these statement was waived or vitiated because (a) Thomas knew the statements were false or made the statements with reckless disregard as to whether the statements were false or not; (b) the statements were unnecessarily insulting; (c) the statements were made to persons who had no reason or need to receive them; (d) the statements were made with a primary purpose unrelated to the purpose of any such privilege; (e) the language used was stronger than necessary under the circumstances; and/or (f) Thomas made the statements because of malice, hatred, ill will, or a desire to injure Roberts directly, rather than to make a fair comment on the subject.

30.     The statements were made with the intent to impute a criminal offense of moral turpitude to Roberts, and did so.

31.     The statements were made with the intent to harm Roberts' reputation in his profession, trade, or business, and have done so.

32.     Thomas' actions were wanton, willful, malicious, and in conscious disregard of Roberts' rights.

33.    As a direct and proximate result of the false statements, Roberts was harmed, continues to be harmed, and is entitled to an award of damages, including compensatory and punitive damages, as well as other legal and equitable relief.

## PRAYER FOR RELIEF

Defendant and counterclaimant Raymond Roberts prays that the Court enter judgment against counterclaim defendant Clifford Thomas and award the following relief to Roberts:

A.  Compensatory damages, including past and future pecuniary damages in an amount to be determined at trial;

B.  Punitive and exemplary damages in an amount to be determined at trial;

C.  Attorney's fees and costs, in an amount to be determined by the Court;

D.  Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Roberts demands a trial by jury of all claims so triable.

Respectfully submitted,


   /s/ Charles B. Wayne
Charles B. Wayne (VSB # 24954)
Brian J. Young
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
(202) 799-5253 (fax)
charles.wayne@dlapiper.com
brian.young@dlapiper.com

*Counsel for Defendant and Counterclaimant*
*Raymond Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2017, a copy of the foregoing was served by electronic mail using the CM/ECF system, which will then send notification of such filing to all counsel of record.

   /s/ Charles B. Wayne         
Charles B. Wayne
