IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CLIFFORD THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-1581 (AJT/MSN) |
| | ) | |
| RAYMOND ROBERTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Certification for Appeal [Doc. No. 60] (the "Motion"), filed in response to this Court's Order dated March 24, 2017 [Doc. No. 59], in which the Court dismissed, among other claims, Plaintiff's claim under 42 U.S.C. § 1982 against all the Defendants for failure to state a claim. In the Motion, Plaintiff requests that the Court certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) its ruling that Plaintiff failed to state a claim under Section 1982. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Under Section 1982, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Plaintiff argues that Defendants' actions deprived

him of the "right to the use and enjoyment of his property," which he asserts is sufficient to sustain a claim under Section 1982.

Upon consideration of the Motion, the memoranda in support thereof and in opposition thereto, and upon review of the First Amended Complaint, the Court's rulings, the nature of the claims dismissed and those remaining to be adjudicated, together with the issues of fact to be ultimately resolved, the Court concludes that the plaintiff has failed to establish that Plaintiff's Section 1982 (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Accordingly, it is hereby

ORDERED Plaintiff's Motion for Certification for Appeal [Doc. No. 60] be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
April 12, 2017