UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|                        | ) |                                      |
| CLIFFORD THOMAS,       | ) |                                      |
|                        | ) |                                      |
| Plaintiff,             | ) |                                      |
|                        | ) |                                      |
| v.                     | ) | Civil Action No. 16-1581 (AJT/MSN)   |
|                        | ) |                                      |
| RAYMOND ROBERTS,       | ) |                                      |
|                        | ) |                                      |
| Defendant.             | ) |                                      |

**PLAINTIFF'S REPLY TO DEFENDANT'S
APPLICATION FOR ATTORNEYS' FEES**

Plaintiff Cliff Thomas, by counsel, requests this Court to order an attorneys' fee award reduced from what Defendant's counsel seeks in the Defendant's Application for Attorneys' Fees (ECF 75), for the reasons set forth below.

**I. The Lodestar Criteria Underlying An Attorneys' Fee Award Array Toward An Amount Much Less Than Defendant's Request.**

This Court should evaluate the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). To determine the reasonable number of hours and rate, this Court should look to the 12 factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). For attorneys' fees awards under Federal Rule of Civil Procedure 37(a)(5)(A), there are six relevant factors to weigh: Factor 1: the time and labor expended; Factor 2: the novelty

1

and difficulty of the questions raised; Factor 3: the skill required to properly perform the legal services rendered; Factor 5: the customary fee for like work; Factor 9: the experience, reputation and ability of the attorney; and Factor 12: attorneys' fees awards in similar cases. *Id.* (quotation and citation omitted).

The burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). It is within the sound discretion of the Court to fix the amount of a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 U.S. Dist. LEXIS 164827, *8-9, 2014 WL 6685440 (E.D. Va. Nov. 25, 2014).

A.  **Factor 9 Analysis Points to a Rate at the low end of the *Vienna Metro* Matrix.**

Meaning no disrespect to Mr. Young, it must nevertheless be observed his "resume" indicates his noteworthy fee-paid experience in his less than three years' practice is winning three motions and performing some other unspecified experience with one client. Young Decl. (attached website entry). Factor 9 in the lodestar analysis examines the "experience, reputation and ability of the attorney" involved in the litigation event. *Robinson,* 560 F.3d at 243 (quotation and citation omitted). Mr. Young's work experience does not include any special skill or expertise in motions to compel discovery compliance or in this kind of litigation generally. There is no indication that Mr. Young enjoys a reputation beyond his less than three-year lawyer status.[1]    Under Factor 9, Mr. Young's hourly rate should fall toward the low end of

---

[1] Likely Mr. Young graduated from law school in June 2014, and he was admitted to practice in Texas on November 6, 2014 (per the State Bar of Texas website). He thus had two years and five months, equating to approximately 2.5 years, of experience as a practicing lawyer when he filed the motion to compel on April 7, 2017. This fact was not provided by Mr. Young or Mr. Reilly to this Court, and it inclines against awarding a high-end fee rate.

the *Vienna Metro* matrix. This conclusion is reinforced by the result in *Intelligent Verification Sys., LLC v. Microsoft Corp.*, *supra*, cited by Mr. Young's own declaration. Young Decl., ¶9. In that 2014 decision, the District Court found it proper to award attorneys' fees to a *six-year* civil litigation lawyer at the rate of $275 per hour. *Intelligent Verification Sys.,* 2014 U.S. Dist. LEXIS 164827, *13. The hourly rate for Mr. Young should not exceed that of a civil litigator with twice his experience – it should therefore not exceed $275.[2]

### B. Defense Counsel's Motion Briefs Involved Neither Novel nor Difficult Issues, so Factor 2 Inclines to the Lower Fee Range.

Factor 2 in the attorneys' fees calculation considers "the novelty and difficulty of the questions raised." *Robinson,* 560 F.3d at 243. Examining Defendant's motion to compel (ECF 66) and the later reply brief (ECF 72), the motion cited *four* cases total, while the reply cited *none.* Mr. Young's work product and subsequent declaration nowhere suggest anything beyond a fairly routine motion to compel proceeding. Factor 2 inclines toward the low end of attorney fee charges for the work.

---

[2] It should be noted that Defense counsel's claimed normal rate of $580.00 per hour is wholly untenable, and the purported "discounted" nature of the claimed rate should not be treated as support. Defendant Roberts' Application supplies no memorandum of law but only two declarations. Defendant Roberts' primary counsel, Brian J. Young, contends his "standard hourly rate is $580.00 per hour." Exh. A to Application, Young Decl., ¶ 10. Mr. Young graduated from law school in (presumably May) 2014, and is almost a three-year lawyer. *Id.* at ¶ 1 n.1 (referencing attached website entry). According to Defendant's expert and the *Vienna Metro* attorneys' fees matrix of 2011, the appropriate fee range for Mr. Young should lie between $250 and $435. Exh. B to Application, Reilly Decl., ¶¶ 15, 17. The claim of $580 per hour is outrageous and untenable. For a directly relevant comparison, the U.S. Attorney's Office for the District of Columbia provides an hourly rate of $322.00 for a three-year attorney, which can be viewed at https://www.justice.gov/usao-dc/file/889176/download.

### C. The Application and Work Product Evidence Basic Skills Deserving a low Factor 3 Weight.

Factor 3 in the attorneys' fees calculation considers "the skill required to properly perform the legal services rendered." *Robinson,* 560 F.3d at 243. Given that Defendant's motion and reply briefs cited a total of four cases and otherwise presented unremarkable arguments, the skill involved would be that of the average three-year lawyer or less.

## II. Mr. Reilly's Declaration Does Not Supply Adequate Support for Defendant's Counsel's Requested Hourly Rate or Total Award.

Ostensibly to support the Defendant's Application, Defendant offered the Declaration of Craig C. Reilly. Exh. B to Application. Mr. Reilly's Declaration "focus[es] on the reasonable hourly rates" for Mr. Young's work on the motion to compel proceeding. Reilly Decl., ¶ 8.

### A. The Declaration Does Not Support a $580 Hourly rate.

Mr. Reilly's Declaration offers scant basis to consider Mr. Young's firm's billable rate of $580 per hour reasonable. Nothing in that Declaration points to objective evidence that Mr. Young's quality of work far exceeds that of other (less than) three-year lawyers. The motion to compel and reply briefs reveal, but no special scholarship or depth of research or anything else worthy of a $580 hourly rate. It is no wonder even Mr. Young himself is seeking a fee rate in this case that is *40% less* than the firm's exorbitant posted rate.

### B. The Declaration Does Not Support a $350 Hourly Rate for This Routine Project by a New Lawyer.

As discussed above in this brief, the fairly routine motion brief (6 pages) and reply brief (7 pages), which together cited four cases total (two in footnotes), cannot fairly support a fee award in any but the low range of the *Vienna Metro* matrix. Mr. Reilly's Declaration supplies no concrete case-specific facts or argument to suggest otherwise. Mr. Reilly's Declaration simply

states his conclusion about the appropriate hourly rate based upon his "experience and knowledge of the legal marketplace." Reilly Decl., ¶ 17. Thus even the requested $350 hourly rate is unsupported.

### C. The Declaration's Fee Rate Opinion is Based on "Complex Litigation" – Which the Routine Motion was not.

Factor 5 in the attorneys' fees calculation considers "the customary fee for like work." *Robinson,* 560 F.3d at 243. Mr. Reilly's Declaration expressly *did not* consider "like work" to arrive at its opinion. Rather, the Declaration indicates Mr. Reilly conducted *for a different case* "a survey of attorneys' fees charged in the Northern Virginia market *for complex civil litigation.*" Reilly Decl., ¶ 15 (emphasis added). The Declaration does not contend Mr. Young's work involves "complex litigation" or that Mr. Young's motion briefs were "complex" or involved any particular sophistication. The Declaration nowhere explains why $350 per hour is the prevailing rate for a (less than) three-year lawyer writing two short, non-complex motion briefs.

## CONCLUSION

Plaintiff understands this Court's April 21, 2017 Order granting Defendant an award of "reasonable costs and fees associated with Defendant's preparation of the Motion [to Compel]." Order, ECF 74. Plaintiff requests this Court to carefully consider what constitutes a *reasonable* fee rate for Mr. Young's work and what is a *reasonable* award of fees for the two short, non-complex briefs written by a (less than) three-year lawyer. Neither of the Application's supplied

Declarations carry the burden of justifying $350 per hour charges as the prevailing rates for the work done by Mr. Young.

                Respectfully submitted,

                /s/
                J. Cathryne Watson
                Virginia Bar No. 79186

                /s/

                David H. Shapiro
                SWICK & SHAPIRO, P.C.
                1101 15th Street, NW
                Suite 550
                Washington, D.C. 20005
                Tel. 202-842-0300
                Fax 202-842-1418
                Emails - jcwatson@swickandsdhapiro.com
                         dhshapiro@swickandshapiro.com

                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2017, I caused a copy of the foregoing Plaintiff's Reply to Defendant's Application for Attorneys' Fees via electronic filing upon:

Charles B. Wayne, Esq.
DLA Piper, LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
charles.wayne@dlapiper.com
Counsel for Raymond Roberts

                                                           /s/
                                           J. Cathryne Watson