IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CLIFF THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:16-cv-1581-AJT-MSN |
| ) | |
| RAYMOND ROBERTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant's Motion for Attorney's Fees (Dkt. No. 75). Defendant requests an award of $6,335.00 in attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5) in connection with work performed on Defendant's Motion to Compel (Dkt. No. 65). Decl. of Brian J. Young 3 (Dkt. No. 75-1). For the reasons that follow, Defendant's Motion is granted in part and denied in part. The Court hereby grants Defendant's Motion for Attorney's Fees but reduces the award sought to $3,010.00.

### I.  Background

On December 20, 2016, Plaintiff Clifford Thomas filed a seven-count complaint for alleged civil rights violations. *See* Compl. (Dkt. No. 1). Plaintiff amended his Complaint on February 14, 2017. *See* Am. Compl. (Dkt. No. 34). Plaintiff, who purchased a house in Aldie, Virginia on December 15, 2015, alleges that he and his sons are the only African-American family in his neighborhood. *Id.* ¶ 14. Defendants are Plaintiff's white neighbors (and one Asian neighbor). *Id.* ¶¶ 5-13. Plaintiff alleges that on account of his race, Defendants "embarked on a campaign to deprive [him] of land rights which came with his purchase, and harassing behavior aimed at driving him out of the neighborhood." *Id.* ¶ 1.

Defendants filed motions to dismiss, which this Court granted as to all Defendants, except for Defendant Roberts. *See* Order (Dkt. No. 59). The Court ordered that Defendant Roberts' Motion to Dismiss was denied in part as to Counts V (racial harassment) and VI (stalking). *See id.*

On April 7, 2017, Defendant Raymond Roberts filed a Motion to Compel Plaintiff to produce responses to various discovery requests. *See* Def.'s Mem. in Supp. (Dkt. No. 66). Defendant stated that he served Plaintiff with requests for production and interrogatories on March 1, 2017, with objections due by March 16, 2017, and production due by April 1, 2017. *See id.* ¶ 1 (citing Exs. A, B). On April 2, 2017, Defendant's counsel e-mailed Plaintiff's counsel, noting that objections had been waived and requesting production by April 5, 2017. *Id.* ¶ 4 (citing Ex. C). On April 5, 2017, Plaintiff's counsel e-mailed back that she would provide responses by April 6, 2017. *Id.* ¶ 5 (citing Ex. B).

According to Defendant's counsel, on April 6, 2017, Plaintiff's counsel served "facially deficient interrogatory answers with general objections and requested an extension of time to April 17, 2017 to produce documents." *Id.* ¶ 5 (citing Ex. D). Plaintiff's counsel explained that Plaintiff was recovering from surgery, which had "hindered [their] ability to work with [Plaintiff] to collect documents responsive to Defendant's document requests." *Id.* (citing Ex. C). Defendant's counsel responded that it was improper for Plaintiff to make any objections after the 15-day deadline, that the interrogatory answers were deficient, and that Plaintiff had until April 7, 2017 to produce the responsive documents or else Defendant would move to compel. *Id.* ¶ 6 (citing Ex. C). Defendant alleges that as of the time he filed his Motion to Compel on April 7, 2017, Plaintiff had still not served supplemental answers or produced

2

responsive documents. *Id.* ¶ 7.

Defendant moved to compel Plaintiff to produce supplemental answers immediately, to deem any of Plaintiff's objections waived, to strike Plaintiff's general objections, and to impose on Plaintiff Defendant's reasonable costs and attorney's fees in connection with the Motion. *Id.* ¶ 12. The Court heard oral argument on Defendant's Motion to Compel on April 21, 2017, at which time the Court granted Defendant's Motion. *See* Order (Dkt. No. 74). The Court ordered Plaintiff to serve complete answers and responses within five days and to bear the reasonable costs and fees associated with Defendant's preparation of the Motion. *See id.*

On April 25, 2017, Defendant moved for $6,335.00 in attorney's fees based on 18.1 hours of work performed in preparation of the Motion to Compel, at a rate of $350.00 per hour. *See* Dkt. No. 75. On May 2, 2017, Plaintiff objected to the Motion for Attorney's Fees on the grounds that the hourly rate was not reasonable because Defendant's Motion to Compel was routine, did not involve complex litigation, and the rate was excessive in light of counsel's experience. *See* Pl.'s Opp'n (Dkt. No. 79).

## II. Legal Standard

Absent a finding of substantial justification for non-disclosure, courts must require the non-producing party, its attorney, or both to pay the opposing party's reasonable expenses, including attorney's fees, incurred in making the motion to compel. Fed. R. Civ. P. 37(a)(5). To calculate an award of attorney's fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)).

The reasonableness of the hours and rate in an award of attorney's fees pursuant to Federal Rule 37(a)(5) is governed by the following factors: (1) time and labor expended; (2) novelty and difficulty of the questions raised; (3) skill required to properly perform the legal services rendered; (4) customary fee for like work; (5) experience, reputation, and ability of the attorney; and (6) attorney's fees awards in similar cases. *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-545, 2014 WL 6685440, at *3 (E.D. Va. Nov. 25, 2014) (citations omitted). The party requesting fees bears the burden of establishing reasonableness. *Id.* (citations omitted). Courts have discretion to "fix the amount of a reasonable fee." *Id.* (citation omitted).

### III. Discussion

#### a. Factor 5

The Court finds the hourly rate of $350.00 to be reasonable for an attorney with Mr. Young's years of experience. *See Vienna Metro LLC v. Pulte Home Corp.,* 786 F.Supp.2d 1090 (E.D.Va.2011). In support of the Motion for Attorney's Fees, Defendant has proffered the declaration of attorney Craig C. Reilly. *See* Dkt. No. 75-2. Mr. Reilly states that he has been practicing law in this Court for the vast majority of the last thirty years, has appeared in "a wide variety of civil litigation cases, including civil rights actions," and is "aware of the hourly rates charged by attorneys in this region, and Northern Virginia in particular, for such litigation." *Id.* ¶ 4. After reviewing Mr. Young's credentials and experience, researching comparable hourly rates, and analyzing the local legal market for comparable hourly rates, Mr. Reilly states that the $350.00 hourly rate requested for Mr. Young is reasonable and consistent with the hourly rates in the region for similar work by attorneys of comparable skill and experience. *Id.* ¶¶ 10, 12.

b.  **Factors 1, 2, and 3**

The Court finds that in light of the straightforward nature of the discovery dispute, the amount of time spent on Defendant's Motion to Compel cannot be justified. Mr. Young spent a total of 18.1 hours in connection with preparation of this Motion. *See* Young Decl. ¶ 4 (Dkt. No. 75-1). However, the issue contested in Defendant's Motion to Compel was Plaintiff's failure to provide responsive documents and to provide adequate responses to interrogatories. The legal and factual issues involved in this matter were simple.

The Court finds, and Mr. Young concedes, that the Motion to Compel was uncomplicated. *See id.* ¶ 8 (noting that "this matter was not legally unique"). Defendant's memorandum in support of the Motion to Compel was seven pages and the reply brief was eight pages with a series of exhibits from the Loudoun County Circuit Court. *See* Dkt. Nos. 66, 72. Plaintiff's opposition brief was four pages with three exhibits. *See* Dkt. No. 71. The hearing reflects that the case was called first on the docket and lasted approximately fifteen minutes.

Accordingly, the requested award of attorney's fees cannot be justified.[1] *See Intelligent Verification Sys., LLC*, 2014 WL 6685440, at *5 (finding excessive sixteen hours for two experienced attorneys to complete a motion to compel where the brief was six and one-half pages and arguments were "straight-forward and uncontroversial."). Upon final consideration of duplicative and excessive time entries submitted by Mr. Young, the Court hereby reduces Defendant's 18.1 hours expended on the Motion to 8.6 hours. *See Hensley v. Eckerhart*, 461 U.S.

---

[1] Mr. Young states that he reduced the total hours from 19.3 to 18.1 for time "preparing materials not directly related to the motion to compel." Decl. of Brian J. Young 3-4, 7 & n.3 (Dkt. No. 75-1).

424, 434 (1983) (quoting S.Rep. No. 94–1011, p. 6 (1976[2])) ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'").

    **c.    Factors 4 and 6**

The reduced total of 8.6 hours is consistent with hours expended in similar cases. *See, e.g.*, *Shammas v. Focarino*, 990 F. Supp. 2d 587 (E.D. Va. 2014), *aff'd,* 784 F.3d 219 (4th Cir. 2015); *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 454 (E.D. Va. 2014); *see also* Reilly Decl. ¶ 12 (Dkt. No. 75-2).

**III.   Conclusion**

Defendant is entitled to an award of attorney's fees pursuant to Federal Rule 37(a)(5). For the foregoing reasons, Defendant's Motion for Attorney's Fees (Dkt. No. 75) is GRANTED in part. Defendant is hereby awarded reasonable attorney's fees in the total amount of $3,010.00.

Entered this 5th day of May, 2017.

                                              /s/
                                  Michael S. Nachmanoff
                              United States Magistrate Judge

Alexandria, Virginia

---

[2] This is the Senate Report on The Civil Rights Attorney's Fees Awards Act of 1976.