UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CLIFFORD THOMAS,  )
  )
    Plaintiff/Counterclaim Defendant,  )
  )
    v.  )  Civil Action No. 16-1581 (AJT/MSN)
  )
RAYMOND ROBERTS,  )
  )
    Defendant/Counterclaimant.  )
  )

**DEFENDANT/COUNTERCLAIMANT RAYMOND ROBERTS'
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**INTRODUCTION**

1. On March 1, 2017, defendant/counterclaimant Raymond Roberts served plaintiff/counterclaim defendant Cliff Thomas with written discovery, including requests for production. Ex. A.

2. On April 21, in part because Thomas had not yet produced any responsive documents, the Court granted Roberts' motion to compel and ordered Thomas to produce responsive documents on or before noon, Wednesday, April 26. Doc. No. 74.

3. On April 25, Thomas produced a few email chains, an audio recording, a video recording, two copies of the complaint from *Roberts v. Brown* in Loudoun County (a case in which Thomas is not a party), a camera report submitted in a protective order hearing in Loudoun County in which Roberts was a party, and an affidavit Roberts submitted on April 20 in easement litigation against Thomas in Loudoun County.[1] *See* Exs. B, C.

---

[1] Thomas also served amended interrogatory answers which, after a meet and confer, are not the subject of this motion to compel.

4. The undersigned informed Thomas' counsel that the production was facially deficient. Based only on emails Thomas sent to or copied to Roberts, and documents produced through public record requests to Loudoun County, Roberts had in his possession numerous additional relevant emails, notice of violations, no trespass notices, and stop work orders that date from January 2016 through spring 2017. Some of these unproduced documents were expressly referenced in the amended complaint, others were attached to Roberts' motion to dismiss, and yet others are recited verbatim in Roberts' counterclaim.

5. On April 27, the undersigned emailed counsel for Thomas detailing these deficiencies. On May 4, counsel conferred by telephone to discuss outstanding discovery issues, including Thomas' deficient production of documents. Thomas' counsel represented that Thomas was undertaking a diligent review and would be producing additional documents by the end of the day. Although Thomas' supplemental production included additional documents and recordings, it was still deficient on its face. Specifically, his production still omitted numerous communications that are plainly responsive and were, in fact, sent by or received by Thomas himself. Only a few exemplar communications are attached for the Court's reference as Exhibits D-L. Rather than produce these documents, Thomas claims these emails are not in his possession, custody, or control because "Mr. Thomas receives a voluminous amount of email each day, and must regularly delete many emails in order to manage his email inbox." Ex. M.

6. Having informed Thomas on multiple occasions that his production was deficient, and having conferred by telephone with opposing counsel, Roberts now moves to compel Thomas to produce all responsive documents. As a means to ensure complete production, Roberts requests that the Court order Thomas to engage a third-party vendor to scan and/or image Thomas' electronic devices, encompassing at least two email accounts, after which the

parties can agree upon search terms and a reasonably brief production deadline that accommodates the existing discovery schedule.

## LEGAL STANDARD

Under Fed. R. Civ. P. 37(a)(1), after conferring in "good faith" or attempting to do so "in an effort to obtain it without court action," "a party may move for an order compelling disclosure or discovery." *See also* Fed. R. Civ. P. 37(a)(3)(B)(iv) ("a party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents"). It is widely understood that, "in response to discovery requests within the scope of [Rule] 26(b), a party must produce items in the party's possession, custody, or control." *In re Outside Wall Tire Litig.*, 2011 WL 5357913, at *4 (E.D. Va. 2011) (citing Fed. R. Civ. P. 34(a)). To meet this obligation, "a party must 'conduct a diligent search'" for responsive documents. *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 175 (S.D.N.Y. 2012) (quoting *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 374 (S.D.N.Y.2006)).

When an attorney signs a discovery response, Fed. R. Civ. P. 26(g) provides that counsel's signature is a certification "that [he or she] has made a *reasonable effort* to assure that the client has provided *all* the information and *documents available* to the client that are *responsive to the discovery demand.*" *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 242 (M.D.N.C. 2010) (citation omitted). *See also Flame S.A. v. Indus. Carriers*, *Inc.*, 39 F. Supp. 3d 752, 758 (E.D. Va. 2014) ("[B]y signing discovery requests, parties certify that after reasonable inquiry they believe that their responses to discovery requests are complete and correct as of the time made and that those responses and or objections are warranted by existing law." (citations omitted)). As one court stated, "[i]t should not require reiteration that litigants have an obligation, when discovery is sought from them, to make reasonable efforts to locate

responsive documents," and "[i]t is equally the litigant's responsibility (and that of its counsel) to determine beforehand the accuracy of any representations that production is complete." *Fendi Adele v. Filene's Basement, Inc.*, 2009 WL 855955, at *8 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 26(g)(1)).

## ARGUMENT

**I.     Thomas' Production and Supplemental Production of Documents Are Facially Deficient and Violate Rule 26.**

In this case, it is facially apparent that Thomas has not made reasonable efforts or conducted a diligent search to locate responsive documents. Roberts served Thomas with comprehensive requests for production. Request for Production No. 1 requested "[a]ll documents that discuss, describe, refer to, or **relate in any way to the subject matter of this action**." Ex. A, at RFP No. 1 (emphasis added). Request for Production No. 2 requested "[a]ll documents that discuss, describe, refer to, relate to, or reflect **any alleged wrongful conduct by any defendant**." *Id.* at RFP No. 2 (emphasis added). Request for Production No. 3 requested "[a]ll documents that discuss, describe, refer to, relate to, or reflect **any communication between you and any defendant** that relates in any way to the subject matter of this action." *Id.* at RFP No. 3 (emphasis added). Request for Production No. 4 requested "[a]ll documents that discuss, describe, refer to, relate to, or reflect **any statement you allege was made by any defendant** and that relates in any way to the subject matter of this action." *Id.* at RFP No. 4 (emphasis added). Request for Production No. 5 requested "[a]ll documents that discuss, describe, refer to, relate to, or reflect **any allegation contained in your complaint**." *Id.* at RFP No. 5 (emphasis added).

Thomas waived all objections to these requests by not asserting them within the 15-day deadline, and no objections are asserted in his responses. *See* Doc. No. 66 (citing Local Rule

26(C)); Ex. B. Therefore, in signing the discovery responses on April 25, his counsel represented that they had made a reasonable effort to assure that their client had provided all the documents available to him that were responsive to the foregoing requests.

Nevertheless, the documents produced on April 26 and May 4 show that Thomas has not made reasonable efforts or performed a diligent search for all responsive documents. Thomas has produced various video recordings, an affidavit Roberts submitted in Loudoun County easement litigation,[2] a complaint Roberts filed against dismissed co-defendant Jim Brown in Loudoun County, hearing transcripts, a well permit, a Loudoun County zoning guide, Internet background checks he ran on various Loudoun County officials, photographs of Roberts standing in his yard, a photo of a dog, a photo of Roberts' security camera, deed documents, a transcript of Roberts calling the Loudoun County sheriff, and a few emails between Thomas and Loudoun County officials and between Thomas and his neighbors.

Notably absent from his production are a series of indisputably discoverable emails sent from Thomas himself during the relevant time period. Some of these emails are directly quoted in Roberts' counterclaim. *See* Doc. No. 62, ¶¶ 17,19; Exs. D-E. Other relevant emails were sent directly to Roberts, Roberts' counsel, and other co-defendants. *See* Exs. F-H. Thomas also sent or copied numerous emails to Jeanine Arnett, Chief of Staff for Chair Phyllis J. Randall, Loudoun County Board of Supervisors. *See, e.g.*, Exs. I-L. None of these emails were part of Thomas' productions on April 26th or May 4th.

For the emails quoted in Roberts' counterclaim, Thomas (who sent or "published" the emails) argues those emails are "not currently in [his] possession custody and control." Ex. M.

---

[2] *See* Ex. C. The affidavit and pictures attached thereto show Thomas standing on a ladder and carrying a sheet of plywood on April 1, 2017, which fell during a period of time that Thomas claimed to be too ill to collect responsive documents. *See* Doc. No. 71.

Counsel for Thomas also argues:

> Mr. Thomas receives a voluminous amount of email each day, and must regularly delete many emails in order to manage his email inbox. Inasmuch as your client may be in possession of an email or other document which Mr. Thomas may have deleted or discarded due to routine maintenance, and therefore no longer has access to it, it cannot be said that your client is prejudiced or that Mr. Thomas could conceivably be trying to conceal it from him, as your client has the document.

*Id.* There are many reasons not to take at face value Thomas' assertion that highly relevant emails he himself sent over the last year are not in his possession, custody, or control.

First, the deletion of an email, even if done through "routine maintenance," does not mean the email is not still within Thomas' possession, custody, or control. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 506 (E.D. Va. 2011) (rejecting argument that deleted emails that were recovered could not be the basis for a spoliation sanction). Thomas does not describe any efforts whatsoever to attempt to recover his "deleted" emails about the alleged facts comprising the harassment and stalking claims he chose to assert in this case.

Second, Thomas has been engaged in litigation over the permitted use of his property since the summer of 2016. *See* Doc. No. 37-11 (filed June 16, 2016). Many of the emails attached hereto and not produced by Thomas post-date that litigation and reference issues that overlap in both cases. *See, e.g.*, Exs. I-L. Thomas' deletion of relevant emails in the midst of litigation on issues relevant in both cases can hardly constitute "routine maintenance." His deletion excuse raises far more questions than it answers.

Thomas still misses the larger point—his failure to produce these obviously relevant emails, sent during a time period when he should have been scrupulously preserving all relevant communications, suggests he has either (1) not conducted the diligent search required by the

Federal Rules of Civil Procedure, *see Treppel*, 233 F.R.D. at 374 ("[A party] must conduct a diligent search, which involves developing a reasonably comprehensive search strategy."), or (2) even worse, without knowing what emails were deleted, when, or for what purpose, Thomas may have committed spoliation. *Compare* Doc No. 1 (filed Dec. 20, 2016) *with* Ex. L (sent Jan. 26, 2017).

II.  **The Court Should Order Thomas to Engage a Third-Party Vendor to Collect Documents from his Electronic Devices.**

Roberts asks that the Court order Thomas to engage a third-party vendor to collect all electronically-stored data on Thomas' computers and mobile devices, including the email addresses thomascliff@hotmail.com and tc@fbsc.us.com, and run a search for "Raymond Roberts" OR "Roberts" OR "Raymond," or some mutually-agreeable variation thereof. This procedure would potentially solve both problems raised by Thomas' inadequate production: (1) it would ensure all relevant and non-privileged documents are produced; and (2) it would potentially retrieve any "deleted" emails that may, in fact, still be recoverable. Thomas, of course, would be afforded a brief but reasonable period of time to review the documents for privilege and relevance.

Because Thomas is an individual, not a large company with multiple custodians and terabytes of data, this proposal can hardly be viewed as unduly burdensome under the circumstances of this case. Thomas had multiple opportunities to conduct a diligent search using his own means and methods. He has failed, and his excuses are once again not credible.

### III. The Court Should Award Roberts Reasonable Expenses Incurred in Making this Motion.

Roberts requests attorney's fees in connection with preparing and filing this motion to compel. Thomas' failure to produce responsive documents cannot be substantially justified and no other circumstances would make an award of expenses unjust. Thomas has been engaged in multiple lawsuits concerning overlapping issues for nearly a year. *See, e.g.*, Ex. E (email complaining about Loudoun County injunction barring commercial access to easement and complaining about "harassment from you bigots"). He is either refusing to produce relevant documents, or he has deleted relevant documents despite having a duty to preserve. It has now been over two months since Thomas first received Roberts' request for production. Despite this extended period of time, Thomas' failure to timely produce relevant documents is evident and inexcusable.

### CONCLUSION

For the foregoing reasons, defendant/counterclaimant Raymond Roberts respectfully requests that the Court enter an order compelling the complete production of documents requested in Roberts' First Requests for Production by having Thomas engage a third-party vendor to scan his computers and mobile devices. Roberts further requests the reasonable expenses, including attorney's fees, incurred in making this motion.

Respectfully submitted,


   /s/ Charles B. Wayne
Charles B. Wayne (VSB # 24954)
Katherine Ruffing (VSB # 79006)
Brian J. Young (*pro hac vice*)
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
(202) 799-5253 (fax)
charles.wayne@dlapiper.com
katie.ruffing@dlapiper.com
brian.young@dlapiper.com

*Counsel for Defendant/Counterclaimant Raymond Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2017, a copy of the foregoing was served by electronic mail using the CM/ECF system, which will then send notification of such filing to all counsel of record.

    /s/ Charles B. Wayne
Charles B. Wayne