UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| CLIFF THOMAS | ) |
| Plaintiff, | ) |
| v. | ) |
| RAYMOND ROBERTS, | ) Civil Action No. 1:16-CV-1581 (AJT/MSN) |
| Defendant. | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO COMPEL

Plaintiff hereby opposes defendant's second motion to compel. There are not present sufficient grounds to order the invasive and burdensome step of engaging a third-party vendor to search the entirety of plaintiff's email accounts which defendant has moved for. The examples of emails defendant has attached to his motion do not justify such an order. Plaintiff has addressed each in a sworn declaration, provided herewith as Plaintiff's Exhibit ("Pl.'s Exh.") 1:

> Exhibit D is an August 2, 2016 email from plaintiff's Hotmail account which does not mention defendant Roberts, but in which dismissed defendant Jim Brown is recipient and is mentioned. I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.
>
> Exhibit E is an August 2, 2016 email from me to S. Price, which defendant quoted in his counter-claim. Defendant Roberts is not a party to this email or mentioned. I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.
>
> Exhibit F is a March 16, 2016 email from me with the subject "waste disposal, landscape maintenance." Defendant Roberts is among the recipients. In my first production of documents, I produced an email thread with the same subject line, ·'waste disposal, landscape maintenance," with the most recent email being on January 27, 2016. Plaintiffs Exhibit ("Pl. 's Exh.") 2. I did not find this email under the search engine

criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Exhibit G is a March 12, 2016 email from my Hotmail account to defendant regarding zoning matters. I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Exhibit H is a May 17, 2016 email from my Hotmail account to defendant with the subject line, ·'prope11y line issue." In it, I expresses a conciliatory attitude toward ensuring workers on my property do not mistakenly go onto Roberts's property in the future. I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Exhibit I is a July 27, 2016 email thread between Loudoun County officials and me. It is my understanding defendant Roberts obtained this email communications with Loudoun County officials via a public records request, Freedom of Information Act (FOIA). I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Exhibit J is an August 28, 2016 email from me to a Loudoun County official. It is my understanding defendant Roberts obtained this email communications with Loudoun County officials via a public records request, Freedom of Information Act (FOIA). I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Exhibit K is an October 31, 2016 email with Loudoun County officials from my Hotmail account wherein I relayed complaints regarding defendant Roberts's conduct. It is my understanding defendant Roberts obtained this email communications with Loudoun County officials via a public records request, Freedom of Information Act (FOIA). l did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Exhibit L is a January 2017 email thread from me to Loudoun County officials as well as the President of the Loudoun County NAACP. lt is my understanding defendant Roberts obtained this email communications with Loudoun County officials via a public records request, Freedom of Information Act (FOIA). I did not find this email under the search engine criteria when I searched my emails. However, I recognize this email to be an accurate assessment of the email communication.

Plaintiff's Exhibit ("Pl.'s Exh.") 1 at ¶¶ 3, I-IX.

All of these emails, with the exception of Exhibit L, are dated prior to filing of the present lawsuit, which occurred on December 20, 2016. *See* Doc. 01. All are dated long before the filing of defendant Roberts's counter-claim of defamation, which occurred on April , 2017. *See* Doc. 62. The litigation which plaintiff was involved in during the vast majority of calendar year 2016, which defendant has referenced in his motion, relate to plaintiff's land use, not his current claim of racial discrimination, and certainly not to defendant's claim of defamation. Plaintiff did not have a general duty to preserve every communication which could arguably be relevant to a claim of racial discrimination, or to an unforeseen claim against him of defamation. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 521 (D. Md. 2010) ("Absent some countervailing factor, there is no general duty to preserve documents, things, or information, whether electronically stored or otherwise.").

In addition to his previous efforts to search his email accounts for responsive emails, on May 11, 2017, plaintiff conducted searches of both aforementioned email accounts for the words, "RAYMOND," "ROBERTS," and "RAYMOND ROBERTS," which are the parameters moved for by defendant. Pl.'s Exh. 1 at ¶ 5. As explained, he did not locate the emails defendant has attached as exhibits to his motion, nor did he locate the email communications quoted in defendant's counter-claim. *Id.*; *see* Doc. 62 at pp. 9-13. As with all but one of defendant's exhibits, the email communications quoted in defendant's counter-claim all pre-date the filing of this lawsuit, and long pre-date defendant's filing of a counter-claim, with the most recent being from October 2016. Doc. 62 at 13.

Moreover, each of these email communications, including Exhibit L, the only example which post-dates the filing of this lawsuit, *supports* the complaint in this case, and/or plaintiff's

3

defense against defendant's counter-claim. As such, it cannot be said that plaintiff could have had a nefarious purpose for not maintaining them in the email accounts he uses. Furthermore, beyond alleging a failure to be sufficiently diligent, defendant has not alleged there is any indication of bad faith on plaintiff's part. *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1326 (Fed. Cir. 2011) (a bad faith determination requires a finding the party "intended to impair the ability of the potential defendant to defend itself."). Indeed, plaintiff has no motive to conceal any of the attached emails, and welcomes their inclusion in the record in this case.

As explained, plaintiff conducted an additional good-faith search of both of the email accounts at issue according to the parameters moved-for by defendant in his second motion to compel. Pl.'s Exh. 1 at ¶ 5. While he did not locate the emails referenced by defendant in his motion or counter-claim, he did locate an email thread between him, his attorney, a hired expert, and his business partner with whom he shares a common interest. This had previously been identified as a privileged communication, but upon review, and in an effort to show full good faith in cooperating with the discovery process, it was determined this email thread is potentially discoverable and plaintiff produced this email thread to defendant via counsel. *Id.* Upon doing so, plaintiff's counsel summarized plaintiff's efforts in this regard, explaining that he performed the search defendant has moved be done by a third-party vendor, and requested that defendant therefore withdraw his second motion to compel. Pl.'s Exh. 3 (email to counsel). Defendant's counsel declined to withdraw the motion, but offered to "consider" doing so if plaintiff voluntarily underwent the third-party search of his emails. *Id.* Plaintiff has declined this offer.

Defendant has described the exhibits to his motion to compel as "exemplar," and averred there are numerous other emails which support the invasive and burdensome step he has moved

4

for. Doc. 82, p.2, ¶ 4. This claim, however, is not valid. On May 5, 2017, defendant served requests for admission on plaintiff, requesting plaintiff to certify authenticity of 43 documents, 35 of which are emails. Pl.'s Exh. 4 (requests for admission). There are only four emails in this batch which post-date the filing of this lawsuit, all four of which are dated in January 2017, and as such, predate defendant's counterclaim. One is a January 3, 2017 email between plaintiff and his attorney Larry Anderson, and such, a privileged communication. *Id.* at ¶ 49. The second is a January 4, 2017 email wherein plaintiff forwarded an email about Jim Brown to his attorneys and business partner to Loundoun County official Jeanine Arnett. *Id.* at ¶ 50. The third is a January 19, 2017 email thread between plaintiff, his attorneys, and his business partner with whom he shares a common interest in this litigation, and as such, a privileged communication. *Id.* at ¶¶ 51-52. *See In re Grand Jury Proceedings 89-3 & 89-4*, 902 F.2d 244, 249 (4th Cir. 1990) (The Fourth Circuit has recognized that "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims" without waiving privileged attorney-client communications. This "joint defense" or "common interest" doctrine is an extension of the attorney-client privilege and "presupposes the existence of an otherwise valid privilege."). The fourth is a January 26, 2017 email thread between plaintiff, the President of the Loudoun County NAACP, and others. *Id.* at ¶¶ 54-57. As such, two of the four emails which post-date commencement of this litigation are non-discoverable as they are privileged. This leaves only two emails in the request for admission package which could fairly be considered.

Therefore, ultimately, defendant's support for the instant motion to compel a third-party vendor search of plaintiff's email accounts consists of three emails - Exhibit L and the two

aforementioned non-privileged emails in the request for admission package. Notably, none of these post-date the filing of defendant's counter-claim. Three arguably discoverable emails is not sufficient support to order plaintiff to undergo the invasive and burdensome exercise of having a third-party search or image the entirety of plaintiff's email communications. Moreover, plaintiff has made every good faith effort to provide defendant with the responsive emails which he has. There has been no showing that plaintiff has any bad faith motivation to conceal any of these communications from defendant - to the contrary, it is plaintiff's position they support his complaint and defenses to the counter-claim, and as such, he welcomes them. The granting of defendant's motion to compel, and ordering a third-party vendor to search the entirety of plaintiff's emails is unnecessary, and would constitute an unwarranted and abusive burden on plaintiff.

## Conclusion

For the foregoing reasons, defendant's second motion to compel, and for attendant attorneys' fees must be denied.

_____
J. Cathryne Watson
Virginia Bar No. 79186
David H. Shapiro
Admitted *pro hoc vice*
1101 15th Street, NW
Suite 205
Washington, D.C. 20005
Ph. (202) 842-0300
Fax (202) 842-1418

dhshapiro@swickanshapiro.com
jcwatson@swickanshapiro.com

Attorneys for Plaintiff Cliff Thomas

## CERTIFICATE OF SERVICE

I hereby certify I caused the foregoing Plaintiff's Opposition to Second Motion to Compel to be served on counsel for defendant on May 11, 2017 via electronic filing to defendant's counsel Charles B. Wayne, of the law firm of DLA Piper, LLP (US), 500 Eighth Street, N.W., Washington, D.C. 20004.

_____
J. Cathryne Watson